IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| Major Jessica Del Castillo, USMC<br>10306 NC Hwy 53 E<br>Burgaw, NC 28425<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>John Phelan,<br>Secretary of the Navy<br>Office of the Secretary of the Navy<br>1000 Navy Pentagon, Room 4D652<br>Washington, DC 20350<br><br>　　　　　Defendant. | Case No: 1:25-cv-1876<br><br>**COMPLAINT FOR REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT** |

## COMPLAINT FOR REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT

This action seeks review of a final agency decision by the Board for Correction of Naval Records (BCNR or "the Board") dated March 22, 2021, denying correction of Major Del Castillo's military records. By and through her attorneys, Major Del Castillo states her complaint as follows:

### JURISDICTION AND VENUE

1. The BCNR's decision is a final agency decision under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et. seq.*

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Plaintiff raises these claims under Department of Defense Instructions, Naval Regulations, and federal statutes that establish federal question jurisdiction.

3. The Acts of Congress upon which federal question jurisdiction rests are 10 U.S.C. § 1552, *et. seq.*, which authorizes and governs the BCNR. Under the APA, the Court may set aside

1

    decisions of the BCNR that are arbitrary, capricious, unsupported by substantial evidence, or otherwise contrary to law or mandatory procedure.

4. This Court has personal jurisdiction over the parties pursuant to 10 U.S.C. § 533.

5. Venue is appropriate in the District of Columbia pursuant to 28 U.S.C. § 1391(e).

## PARTIES

6. Plaintiff, Major Del Castillo, is a United States citizen who lives at the above-captioned address. She is a current officer of the United States Marine Corps.

7. Defendant, the Honorable John Phelan, is the Secretary of the Navy and head of the Department of the Navy. The BCNR acts on behalf of the Secretary of the Navy.

## STATUTE OF LIMITATIONS AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Major Del Castillo petitioned the BCNR in June of 2020 and her case was assigned docket number 3615-20. Major Del Castillo requested her records be corrected with the removal of adverse materials, including records related to her Board of Inquiry (BOI), two fitness reports[1], and records related to her failure to select to the rank of O-4, Major.

9. The BCNR issued a final decision denying Major Del Castillo's request on March 22, 2021.

10. Pursuant to 28 U.S.C. § 2401(a), a Plaintiff's claims must be made within six years of accrual.

11. Major Del Castillo's claims accrued on or about March 22, 2021, when the BCNR issued its final decision on the merits of the claims presented.

12. Major Del Castillo has exhausted her administrative remedies. This matter is ripe for judicial review.

---

[1] A fitness report is an evaluation completed by a Marine's reporting senior and reviewing officer which reflects the Marine's performance and character to a variety of boards.

## RELEVANT AUTHORITIES

13. SECNAV Instruction (SECNAVINST) 1920.6C, Enclosure 8, promulgates instructions regarding Board of Inquiry proceedings and provides the "purpose of a BOI is to give officers a full and impartial hearing at which they may respond to and rebut the allegations which form the basis for separation for cause/retirement … ."

14. Paragraph 6 of SECNAVINST 1920.6C, Enclosure 8, delineates the rights of the respondent appearing at the BOI, which include "[f]ull access to, and copies of, records relevant to the case …; [t]he right to submit, at any time before the board convenes or during the proceedings, any matter from the respondent's service record, letters, answers, depositions, sworn or unsworn statements, affidavits, certificates, or stipulations …; [t]he right to give sworn or unsworn testimony. The respondents may only be examined on sworn testimony."

15. Paragraph 10 of SECNAVINST 1920.6C, Enclosure 8, explains "[h]earings by BOIs must be conducted in a fair and impartial manner to ensure the respondents have the opportunity to present their case."

## BACKGROUND

16. Major Del Castillo enlisted in the Marine Corps on June 27, 2005. On December 13, 2010, she was commissioned through the Marine Enlisted College Education Program and, on February 28, 2014, she received her designation as a Naval aviator.

17. In March 2017, a preliminary inquiry was initiated following allegations of adultery between then-Captain Del Castillo and Captain Burnett. The Inquiry concluded there was "not enough evidence" to support the allegations; the investigating officer did not recommend further action.

18. Nonetheless, on April 3, 2017, the Commanding General (CG) of the 2nd Marine Aircraft Wing (2d MAW) directed a command investigation.

19. On June 7, 2017, the CG substantiated the allegations of adultery. Major Del Castillo refused non-judicial punishment (NJP) and demanded trial by court martial.

20. Instead of a court martial, the Marine Corps decided to pursue administrative action by requiring Major Del Castillo to show cause for retention in the military before a Board of Inquiry ("BOI").

21. On December 4, 2017, Major Del Castillo and Captain Burnett appeared before a joint BOI. Major Del Castillo faced allegations of substandard performance and violations of Articles 133 (adultery) and 134 (conduct unbecoming an officer) of the Uniform Code of Military Justice (UCMJ).

22. The evening before the BOI convened, the recorder[2] emailed Major Del Castillo's counsel an extensive amount of records purporting to be text message strings provided by Captain Burnett's wife, Valerie Burnett.

23. The morning of the BOI, the recorder presented additional exhibits he intended to introduce as evidence against Major Del Castillo, including a CD containing 17 excel spreadsheets purporting to be Captain Burnett's phone records, which were also provided by Captain Burnett's wife. The recorder obtained the excel spreadsheets on November 30, four days before the BOI convened.

24. Major Del Castillo's counsel repeatedly objected to the text message records and excel spreadsheets as untimely, inaccurate, misleading and irrelevant, and requested the BOI members not consider the records until they were authenticated and found reliable.

---

[2] The Recorder is the party appointed by the government responsible for presenting evidence on the government's behalf at a Board of Inquiry. SECNAVINST 1920.6C, Encl. 8, para. 4.j.

25. Mrs. Burnett was never asked to testify as to how she created the exhibits, which were entered into the record by the senior member prior to closing arguments.

26. The recorder attempted to authenticate the records on several occasions, claiming "AT&T provides detailed call records in an Excel spreadsheet due to the volume. So, these are not fabricated by Mrs. Burnett." The recorder also stated the authentication was not required, claiming "There doesn't have to be any kind of basis set for those text messages. They are what has been given to the government. And they are what the whole case hinges upon."

27. The recorder admitted there were serious inaccuracies within the text message records and excel spreadsheets, but stated, "Would it be correct for us to just put it to the side because the times don't match up and the dates are from 2023 and there is some other random number in there." The recorder was referring to text messages dated six years in the future.

28. During the proceedings, the recorder openly speculated regarding Major Del Castillo's decision not to testify under oath, at one point stating, "Even now, as all of this has come forward, these individuals aren't taking the stand."

29. The majority found a preponderance of evidence did not support the charge of substandard performance of duty, but did support violations of Articles 133 and 134 of the UCMJ. The majority voted to retain Major Del Castillo. The senior member wrote a minority opinion in which he referenced the text message records and opined separation was warranted.

30. On 15 May 2020, Major Del Castillo, through civilian counsel, submitted a letter to the Marine Corps Performance Evaluation Review Board (PERB), requesting the removal of a failure to select for promotion, an adverse fitness report dated 15 November 15, 2019, and all other adverse materials related to her BOI.

31. On June 3, 2020[3], Major Del Castillo, through civilian counsel, petitioned the BCNR for relief to include the removal of adverse materials related to her BOI, two fitness reports, and records related to her failure to select to the rank of Major (O-4). Major Del Castillo argued she was denied a full and impartial hearing due to improper actions by the recorder, including the admission of unauthenticated, uncorroborated, and inherently unreliable evidence.

32. With her petition, Major Del Castillo submitted certified phone records from her provider, Sprint, which directly refuted the evidence submitted by Mrs. Burnett upon which the BOI based its decision.

33. On July 15, 2020, Major Del Castillo was provided with an advisory opinion, written by PERB, which claimed, because the request for removal was based solely upon the BOI findings, PERB lacked the authority to review the request. Although admittedly outside their purview, PERB also concluded Major Del Castillo did not meet her burden of proof, nor show by preponderance of evidence probable material error, substantive inaccuracy, or injustice warranting removal of the fitness reports.

34. On August 16, 2020, Major Del Castillo was furnished with an advisory opinion authored by Headquarters Marine Corps Military Personnel Law Branch (JPL), which stated she had not exhausted her administrative remedies by first requesting PERB remove the fitness reports; evidence presented at a BOI may be subject to reasonable restrictions, such as relevance and authenticity, but it is not a requirement; the recorder should have produced the documents earlier, but the production was not untimely; Major Del Castillo could have requested a continuance to disprove the authenticity of the documents; without evidence the BOI members improperly considered the recorder's statements related to Major Del Castillo's

---

[3] Major Del Castillo's initial submission to the BCNR was dated April 30, 2020, prior to her request for relief sent to PERB.

decision not to testify, she failed to demonstrate a material error or injustice; the circumstantial evidence, when viewed in the light most favorable to the government, permit a finding by a preponderance of the evidence Major Del Castillo committed adultery; and Major Del Castillo's phone records only contradict, not disprove, the government's records.

35. Major Del Castillo submitted a response to the PERB advisory opinion on January 12, 2021, in which she agreed PERB lacked the authority to remove the fitness reports and further requested the BCNR ignore the PERB's additional findings as related to her substantive requests.

36. On September 26, 2020, Major Del Castillo submitted a response to the HQMC JPL advisory opinion stating PERB lacked the authority to remove the fitness reports placed in her OMPF as a result of the BOI findings; it was improper for the recorder to attest to the authenticity of the records; that although Major Del Castillo made timely objections to the recorder's statements, the proceedings were already tainted; the recorder's prejudicial comments regarding Petitioner's decision not to testify unfairly influenced the BOI members; and there was no direct evidence of adultery and the circumstantial evidence presented was inherently contradictory and failed to meet the burden of proof regarding this allegation.

37. The BCNR issued its final decision on March 22, 2021, denying all relief. Specifically, the Board found:

   a. The record does not contain evidence the BOI members improperly considered Major Del Castillo's decision not to testify;

   b. The production of documents by the recorder was "neither untimely nor did the timeliness of the evidence create material error or injustice";

    c. Major Del Castillo's cell phone records "do not disprove" the records produced by the recorder;

    d. Although there was no direct evidence of adultery, the BOI members properly analyzed the evidence and rendered a fair decision; and

    c. Major Del Castillo did not meet her burden of proof, nor show by a preponderance of evidence probable material error, substantive inaccuracy, or injustice regarding the removal of her fitness reports and removal of her failures to select.

38. Major Del Castillo was denied selection for promotion to O-4 four times before being selected on September 18, 2025.

## CAUSE OF ACTION:

**The BCNR's Finding that Major Del Castillo Failed to Provide Evidence Demonstrating the Existence of a Probable Material Error or Injustice is Arbitrary, Capricious, an Abuse of Discretion and Contrary to Law**

39. Major Del Castillo repeats and realleges all the allegations set forth above as if fully alleged herein.

40. The BCNR improperly concluded that Major Del Castillo did not disprove the government's evidence and thus there was no error or injustice in the BOI's decision to admit unauthenticated cell phone records.

41. The BCNR improperly found that there was no error or injustice in the Recorder's comments about Major Del Castillo's decision not to testify or the Recorder's last-minute provision of evidence.

42. The BCNR improperly determined that the BOI properly weighed the evidence to render a fair decision, despite the lack of any direct evidence.

## REQUEST FOR RELIEF

Wherefore, Major Del Castillo respectfully requests the Court grant the following relief:

A. Hold unlawful and vacate the BCNR's decision;

B. Enter judgment in favor of Major Del Castillo on all counts of this complaint;

C. Remand the matter to BCNR for further actions in accordance with the Court's findings, decision and order;

D. Award Major Del Castillo costs and attorney fees to the extent permitted by law; and

E. Award such other relief as the Court deems appropriate.

Respectfully Submitted,

*Kieran M. Dowell*

Kieran McDowell, Bar No. PA 0099
Elizabeth M. Candelario, D.C. Bar No. 986218
PARLATORE LAW GROUP, LLP